UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AXEL CRESPO-GUTIERREZ, ) | |
|           Plaintiff, ) | Case No. 2:14-cv-00175-GMN-CWH |
| vs. ) | **ORDER** |
| ANA MARIA RESENDIZ RAMIREZ, ) | |
|           Defendant. ) | |

This matter is before the Court on Plaintiff's Response (#7) and Third Motion/Application for Leave to Proceed *In Forma Pauperis* (#8), both filed on April 10, 2014.

**BACKGROUND**

On February 3, 2014, the Court denied without prejudice Plaintiff's First Motion/Application for Leave to Proceed *In Forma Pauperis* for lack of sufficient information and granted him 30 days to file a new application. *See* Order #1. Plaintiff submitted a Second Motion/Application to Proceed *in Forma Pauperis* (#3) on March 5, 2014. On March 6, 2014, the Court entered an Order denying without prejudice Plaintiff's Second Motion/Application to Proceed *in Forma Pauperis* (#3). The Court found several discrepancies in Plaintiff's Second Application. Plaintiff reported that he has monthly income of $10.00 in response to question 12, but listed no income in response to question 1. Plaintiff also attached his inmate banking history. However, Plaintiff failed to use the required form for a prisoner who is requesting *in forma pauperis* status. As a result of the discrepancies regarding Plaintiff's income and expenses, the Court found that there was insufficient information to determine whether Plaintiff is eligible to proceed *in forma pauperis*. Plaintiff was given until April 7, 2014 to file a completed Application to Proceed *In Forma Pauperis* or pay the filing fee. Plaintiff failed to submit a completed Application or pay the $400.00 filing fee by the April 7, 2014 deadline. Accordingly, the Court recommended that the action be dismissed on April 9, 2014. *See* Report and Recommendation

1  #6.  One day later, Plaintiff filed the instant Response (#7) and Third Motion/Application for Leave to
2  Proceed *In Forma Pauperis* (#8).

**DISCUSSION**

I.  *In Forma Pauperis* **Application**

The Court recommended that this action be dismissed on April 9, 2014 because Plaintiff failed to comply with Order #5 requiring him to file a new Motion/Application by April 7, 2014.  In the interest of justice, the Court will vacate that Recommendation (#6) and review Plaintiff's Third Motion/Application (#8) although it was filed late.  In Plaintiff's Third Application, he asserts that he is unemployed, receives inmate pay of $10.00 per month, money from family of $300, and pays child support of $50.00 per month.  *See* Pla.'s Application #8, 1-2.  Plaintiff is currently incarcerated, and states that his inmate account has a current account balance of $37.52, an average monthly balance of $173.14, and an average monthly deposit of $282.77.  *Id.* at 4.  Based on the financial information provided, the Court finds that Plaintiff is unable to pay an initial partial filing fee.  Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).  However, even if this action is dismissed, the full filing fee of $400.00 must still be paid pursuant to 28 U.S.C. § 1915(b)(2), as amended by the Prison Litigation Reform Act of 1995.  Plaintiff shall be required to make payments of 20% of the preceding month's deposits to the prisoner's account, in months that the account exceeds $10.00, until the full filing fee has been paid for this action.  The Court will now review Plaintiff's Complaint.

II.  **Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint.  Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).  When a court dismisses a complaint, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint

2

that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

### A. Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Here, Plaintiff alleges marriage fraud, which is not a federal cause of action, and therefore, federal question jurisdiction does not exist.

### B. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff asserts damages of $98,000 in his complaint. In addition, Plaintiff is a Colorado citizen and Defendant is a Nevada citizen. Therefore, the Court

finds that diversity jurisdiction exists at this time.

Based on the foregoing and good cause appearing therefore,

### ORDER

**IT IS HEREBY ORDERED** that Report and Recommendation (#6) is **withdrawn**.

**IT IS FURTHER ORDERED** that Plaintiff's Third Motion/Application to Proceed *In Forma Pauperis* (#8) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00). However, even if this action is dismissed, the full filing fee of $400.00 must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to its conclusion without the necessity of prepaying any additional fees or costs or giving security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Crowley County Correctional Facility shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #137440), in the months that the account exceeds $10.00, until the full $400 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. Additionally, the Clerk shall send a copy of this order to the Chief of Inmate Services for the Crowley County Correctional Facility, 6564 Highweay 96, Olney Springs, CO 81062.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#8-1) and shall issue Summons to Defendant, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether Defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120

days from the date this order is entered.

**IT IS FURTHER ORDERED** that, from this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or counsel for the Defendant. The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

Dated this 14th day of April, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**