# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AXEL CRESPO-GUTIERREZ, ) | |
| ) | Case No. 2:14-cv-00175-GMN-CWH |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| ANA MARIA RESENDIZ RAMIREZ, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff's Motion to Reattempt Service (doc. # 21), filed March 10, 2015, and Motion for U.S. Marshal to Conduct Service (doc. # 22), filed March 16, 2015.

In his first motion, Plaintiff asks the Court to allow him to re-attempt service on Defendant. Plaintiff represents he has confirmation of a reliable address for Defendant.

Courts have broad discretion to extend time for service under Rule 4(m). Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2003). The 120-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." Henderson v. United States, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint after that 120-day period." Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. See Wright &

Miller, Federal Practice and Procedure: Civil 3d § 1337.

The Court finds that Plaintiff has provided good cause for an extension of time to complete service. The Court extends the time of service for another 45 days. However, the Court finds that this extension of 45 days shall be the final extension in this case, as it has already extended the time for service twice before and cannot continue to have the U.S. Marshal Service expend scarce resources.

In its second motion, Plaintiff reiterates the information provided in his first motion. As such, the Court denies the second motion as moot.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reattempt Service (doc. # 21) is **granted**. The time period for service under Rule 4(m) is extended until **May 10, 2015**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for U.S. Marshal to Conduct Service (doc. # 22) is **denied as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue Summons to Ana Maria Ramirez ("Ramirez"), and shall deliver the Summons, Ramirez's address (doc. # 21 at 5), a copy of the Complaint (doc. # 10), and a copy of this Order to the U.S. Marshal Service.

**IT IS FURTHER ORDERED** that the Clerk of Court shall deliver one USM-285 form to Plaintiff. Plaintiff shall have twenty-one days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty-one days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying whether Defendant was served.

DATED: March 26, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**