# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AXEL CRESPO-GUTIERREZ,<br>　　　　　　Plaintiff,<br>vs.<br>ANA MARIA RESENDIZ RAMIREZ,<br>　　　　　　Defendant. | Case No. 2:14-cv-00175-GMN-CWH<br><br>**REPORT AND RECOMMENDATION** |

## BACKGROUND

Plaintiff, proceeding pro se, filed an application to proceed in forma pauperis on January 31, 2014. See Doc. # 1. Plaintiff's application was denied without prejudice, thereby prompting Plaintiff to submit a second application, which was also denied. See Docs. # 2, # 3, # 5. On April 9, 2014, the Court entered a report and recommendation ("report") that the action be dismissed for Plaintiff's failure to submit a completed in forma pauperis application and failure to pay the filing fee. See Doc. # 6. The Court subsequently withdrew the report after Plaintiff filed an untimely but complete application to proceed in forma pauperis. See Doc. # 9. The Court then granted Plaintiff's request to extend, by forty-five (45) days, the time to submit a USM-285 form to the U.S. Marshals Service ("USMS") to effect service upon Defendant. See Doc. # 14. The Court subsequently granted two more requests to extend the time for service. See Doc. # 17; Doc. # 23. Plaintiff was specifically warned when the Court granted Plaintiff's third request that it would be the final extension granted in this case after having granted the first extension over a year ago, on May 14, 2014. See Doc. # 23; Doc. # 14. Thereafter, on October 5, 2015, the Court denied Plaintiff's fourth extension request, noting that Plaintiff failed to show good cause for yet another

extension and that the Court could not indefinitely prolong the instant action. Plaintiff now files a motion to change venue (doc. # 28), which appears to be an improper attempt to obtain more time to serve Defendant under the jurisdiction of a different court.

## DISCUSSION

Under Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP"), "[i]f a defendant is not served within 120 days[1] after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Here, over 700 days have passed since Plaintiff filed his complaint on April 14, 2014. See Doc. # 10. While Plaintiff was entitled to rely on the USMS for service based on this Court's prior order, Plaintiff has failed to provide the USMS with the information required to effect service on Defendant. See Doc. # 9 at 4 (Court addressing service by USMS). Moreover, Plaintiff has failed to provide a sufficient explanation, indeed any explanation, or to show good cause to this Court for his inability to serve Defendant despite having been granted multiple extensions to complete service. On these grounds, the complaint's claims against Defendant are subject to dismissal. Fed. R. Civ. P. 4(m).

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that this case be **dismissed without prejudice**.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: March 14, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[1] The 2015 amendments to the FRCP changed this period to 90 days.